UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DISTRIBUIDORA DE DISCOS KAREN C.            :
POR A.; KAREN PUBLISHING COMPANY,      :
:          13-CV-7706 (JPO)
                               Plaintiffs,   :
:          OPINION AND ORDER
              -v-                                  :
:
UNIVERSAL MUSIC GROUP, INC., d/b/a          :
UNIVERESAL MUSIC LATIN                      :
ENTERTAINMENT, CAPITOL RECORDS LLC:
d/b/a CAPITOL LATIN MUSIC, E.M.I. MUSIC   :
NETHERLANDS B.V., JUAN LUIS GUERRA      :
:
                              Defendants.  :
:
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiffs Distribuidora De Discos Karen C. Por A. ("DDK") and Karen Publishing Company ("Karen Publishing") (collectively, "Plaintiffs") bring this action alleging that Defendants Universal Music Group, Inc. ("Universal"), Capital Records LLC ("Capitol"), E.M.I. Music Netherlands B.V. ("EMI Netherlands"), and Juan Luis Guerra (collectively, "Defendants"), have infringed Plaintiffs' exclusive right to reproduce and distribute eight of Guerra's musical compositions, in violation of the United States Copyright Act. The action is presently stayed pending the outcome of a related suit in Florida court. Now before the Court is a motion by Defendants and Universal Musica, Inc. ("UMU") to allow UMU to intervene as counterclaimant and third-party plaintiff, and for an order lifting the stay to allow Defendants to file an answer and to allow UMU and Guerra to file a counterclaim and third-party complaint. For the reasons that follow, the motion is granted.

I.   **Background**

   A.   **Factual Background**

The complaint alleges as follows.  Plaintiffs DDK and Karen Publishing are companies affiliated with one another and "in the business of publishing their copyrighted music, licensing their copyrights to others, and otherwise commercially exploiting their copyrighted compositions in the United States and internationally."  (Dkt. No. 1 ("Compl.") ¶ 4.)  Defendants Universal, Capitol, and EMI Netherlands are "in the business of recording music, manufacturing phonorecords containing the recorded compositions, [and] distributing them and selling them throughout the United States."  (*Id.* ¶ 8.)  Defendant Guerra is a professional recording artist who resides in the Dominican Republic.  (*Id.* ¶ 9.)

Beginning in or about 1985, Guerra composed and recorded music for Plaintiffs, who put the music on phonorecords and distributed it for sale.  (*Id.* ¶ 17.)  By Plaintiffs' account, Guerra assigned ownership of the compositions to Plaintiffs, and Plaintiffs recorded the ownership with the United States Copyright Office.  (*Id.* ¶ 17.)  Guerra became a "widely known and successful artist over the course of his career with Plaintiffs."  (*Id.* ¶ 18.)

In or about 2006, Guerra "sought to compose and record music for other companies," including Defendants.  (*Id.* ¶ 18.)  Plaintiffs and Guerra entered into an agreement releasing Guerra from his obligation to record additional material for Plaintiffs ("the 2006 Agreement").  (*Id.* ¶ 19.)  The 2006 Agreement, however, according to Plaintiffs, "did not change Plaintiffs' ownership of the sound recordings and compositions that Guerra had already produced, or alter Plaintiffs' exclusive rights under [the Copyright Act] in connection with those compositions and recordings."  (*Id.* ¶ 19.)

Seven years after the 2006 Agreement, in 2013, Plaintiffs discovered that Defendants were planning to release a CD album and a DVD entitled "Asondeguerra Tour."  The CD and

DVD contained newly recorded versions of nine compositions for which Plaintiffs owned the exclusive copyright.[1] (*Id.* ¶¶ 20-22.) Defendants had not obtained a license for eight of these nine compositions as required by 17 U.S.C. § 115 (*id.* ¶ 23), and Plaintiffs had not otherwise authorized Defendants to release the compositions in their new form (*id.* ¶ 20). Plaintiffs wrote to Defendants, reminding them that Plaintiffs owned the exclusive copyrights for the eight compositions in question, and that Defendants therefore needed authorization to use them. (*Id.* ¶ 24.)

Defendants did not respond to the letter. Instead, they released the Asondeguerra Tour CD and DVD for sale throughout the United States. (*Id.* ¶ 24.) Since the release of the CD and DVD, Plaintiffs have warned Defendants on multiple occasions that the CD and DVD infringe Plaintiffs' copyrights. (*Id.* ¶ 25.) Despite these warnings, Defendants continue to distribute and sell the allegedly infringing materials. (*Id.* ¶ 25.)

### B. Procedural Background

Plaintiffs commenced this action on October 30, 2013. (Dkt. No. 1.) The complaint claims that Defendants have violated and continue to violate Plaintiffs' rights under the Copyright Act by making and distributing, without license, the Asondeguerra Tour CD and DVD containing Plaintiffs' copyrighted compositions. (Compl. ¶¶ 30-31.) Plaintiffs request monetary and injunctive relief, as well as a declaratory judgment that they own the exclusive copyright for the compositions in question.

On January 21, 2014, before Defendants answered or otherwise responded to the complaint, the parties filed a "Stipulation and Joint Motion to Hold Case in Abeyance." (Dkt.

---

[1] Those compositions are: "La Bilirrubina," "El Niagara en Bicicleta," "Visa Para Un Sueno," "Frio Frio," "Ojala Que Lleuva Café," "Bachata Rosa," "Estrellitas Y Duendes," "Burbujas de Amor," and "A Pedir Su Mano."

No. 12.) The stipulation informed the Court that Guerra had filed an action against Plaintiffs in Florida court ("the Florida Action"), and that "a portion" of that case "may have bearing on [the] disposition of this lawsuit." (*Id.* at 1.) "Specifically," the parties said, "Count VI of Guerra's claim in the Florida Action seeks declaratory judgment regarding the scope of the parties' rights in relation to copyrighted compositions at issue in this case." (*Id.*) To promote the adjudication of the issues "in an efficient and orderly fashion," the parties stipulated that this action would be stayed pending resolution of Count VI of the Florida Action, and that Defendants would "place a legal hold" on any monies received in connection with the eight compositions at issue. (*Id.* at 2.) The Court approved the stipulation, stayed the case, and directed the parties to provide regular updates on the status of the Florida Action. (Dkt. Nos. 12, 13, 15, 17, 18, 19.) As far as the Court is aware, the Florida Action is still pending, Count VI has not been resolved, and no trial date has been scheduled.

On March 17, 2015, Defendants, along with UMU, filed the instant motion. (Dkt. No. 21.) The motion requests that the Court lift the stay and allow UMU to intervene. Specifically, UMU moves to file, along with Guerra, a counterclaim for copyright infringement against Plaintiffs and a third-party complaint alleging copyright infringement against two new parties that are related to Plaintiffs, "Distribuidora de Discos Karen S.R.L." (DDK S.R.L.), the entity that has allegedly replaced Plaintiff DDK, and Bienvenido Rodriguez, the owner and president of DDK S.R.L. and Karen Publishing (collectively, "Third-Party Defendants"). (Dkt. No. 23 ("Dickstein Decl.") Ex. 1 ("Proposed Counterclaim").)

The proposed counterclaim disputes that Plaintiffs ever had any rights in Guerra's compositions, and alleges that, to the extent that they did have any rights, the 2006 Agreement provided that those rights would revert back to Guerra in 2009. (*Id.* ¶¶ 2, 20-21, 28-29, 37-39.) The counterclaim further alleges that Guerra entered into an agreement with UMU in 2014

giving UMU the exclusive right to administer and collect royalties from Guerra's compositions, as well as the right to conduct legal claims and defenses with respect to those compositions (*id.*; Dkt. No. 22 ("Mot.") at 1, 3), and that Plaintiffs and Third-Party Defendants "have nevertheless continued, without authorization, to exploit" 70 of Guerra's compositions, including the eight compositions that are the subject of this action, "thereby infringing on Guerra's and UMU's rights" (Proposed Counterclaim ¶¶ 1-2 & Ex. A).  The counterclaim seeks damages, an injunction, and declaratory judgment that "Guerra is the owner, and UMU is the exclusive administrator of the copyrights in and to" the 70 compositions.  (*Id.* ¶ 50.)

On April 14, 2015, Plaintiffs opposed the motion to lift the stay and to allow UMU to intervene.  (Dkt. No. 26.)  Defendants and UMU replied on April 28, 2015.  (Dkt. No. 28.)

## II. Discussion

### A. Motion to Intervene

UMU seeks to intervene under Federal Rule of Civil Procedure 24, which allows for both intervention as of right and permissive intervention.  UMU argues that it satisfies the requirements for both types of intervention.  Because the Court agrees that UMU must be allowed to intervene as of right, it does not address whether permissive intervenor is warranted here.

There are two bases for intervention as of right.  Under the first, a court must permit anyone to intervene in an action who (1) requests intervention by "timely motion" and (2) "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1).  These two requirements are satisfied here.  First, the United States Copyright Act provides that in a case alleging copyright infringement "the court . . . shall permit the intervention[] of any person having or claiming an interest in the copyright." 17 U.S.C. § 501(b).  In this action, UMU alleges that, pursuant to its 2014 agreement with Guerra, it has an interest in the eight copyrights

that are the subject of this action, as it has the right to administer, collect royalties for, and assert legal claims and defenses with respect to those copyrights. Plaintiffs cannot, and do not, meaningfully dispute that this is the case. In fact, they fail to make any argument as to why UMU should not be permitted to intervene as of right under Rule 24(a)(1).[2]

Second, the motion for intervention, although filed almost eighteen months after this action commenced, is nevertheless timely, as this case has been stayed for over a year, no response to the complaint has been filed, and the parties have not engaged in any discovery. In fact, the motion is the first action of any kind by any party in this case, aside from the stipulation staying the case. *See E.E.O.C. v. Mavis Discount Tire*, No. 12 Civ. 0741 (KPF), 2013 WL 5434155, at *4 (S.D.N.Y. Sept. 30, 2013) (holding that a motion for intervention was timely where, when it was filed, "discovery had not yet begun, and Defendants had only recently filed their answer"). UMU's motion to intervene is therefore granted.

### B. Lifting the Stay

As already explained, this action was stayed on the consent of all parties on January 21, 2014, due to an action in Florida court that the parties believed might determine the ownership of the copyrights at issue in this case. (*See* Dkt. No. 12.) It is apparent from the present motion that all parties no longer consent to the stay. Moreover, Defendants now contend that, to avoid the risk of a conflicting decision in the Florida Action with respect to the ownership of the

---

[2] Instead, Plaintiffs' arguments are directed toward Rule 24(a)(2), the alternative ground for intervention as of right, and Rule 24(b), which provides for permissive interpleader if certain requirements are met. (Dkt. No. 26 ("Opp.") at 4-7.) The Court does not address these arguments, as it concludes that intervention is warranted as of right under Rule 24(a)(1).
    Plaintiffs also argue that the motion for intervention should be denied because "UMU and Guerra's proposed counterclaim and third party complaint fails to state a viable claim for copyright infringement." (Opp. at 4.) Whether UMU and Guerra's counterclaim is viable, however, is irrelevant to whether intervention is appropriate.

compositions in question, "Guerra [will] withdraw the portion of his complaint in the Florida . . . Action that seeks a declaration as to his ownership of those compositions."[3] (Dkt. No. 28 ("Reply") at 3.) For these reasons, the Court concludes that there is no reason to continue to stay this action, and Defendants' motion to lift the stay is granted. *See City of N.Y. v. B.L. Jennings, Inc.*, 219 F.R.D. 255, 256 (E.D.N.Y. 2004) ("The decision to grant or lift a stay is within the broad discretion of the court." (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

### III.  Conclusion

For the foregoing reasons, the motion by Defendants and UMU to allow UMU intervene as counterclaimant and third-party plaintiff, and for an order lifting the stay to permit Defendants to file their answer and to permit UMU and Guerra to file their proposed counterclaim and third-party complaint, is GRANTED.

This stay of this action is hereby lifted.

Defendants shall answer or otherwise respond to the complaint on or before July 27, 2015.

The Clerk of Court is directed to close the motion at Docket Number 21.

SO ORDERED.

Dated: July 2, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Plaintiffs contend that there is a risk of conflicting decisions if the stay is lifted because of an ongoing suit in the Dominican Republic. (Opp. at 4.) It appears, however, that the Dominican action has been dismissed pending "a final and definitive decision . . . in the American courts." (Dkt. No. 29, Ex. 3, at 17.)